**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4837-14T1

BRANDY KISSOONDATH,
n/k/a BRANDY DIGGS,

    Plaintiff-Respondent,

v.

SASHA KISSOONDATH,

    Defendant-Appellant.

_____

Submitted April 26, 2017 — Decided May 10, 2017

Before Judge Carroll, Gooden Brown and Farrington.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FM-06-96-12.

Law Office of Robert J. O'Donnell, P.C., attorneys for appellant (Robert J. O'Donnell, on the brief).

Adinolfi & Packman, P.A., attorneys for respondent (Julie Burick, of counsel and on the brief; Kevin Murphy, on the brief).

PER CURIAM

The parties' 2001 marriage produced three children and ended with the entry of a November 28, 2012 judgment of divorce (JOD).

The JOD incorporated a handwritten stipulation of settlement that the parties agreed to as their divorce trial was commencing. On January 2, 2013, an amended JOD was entered that incorporated the final, typed version of the parties' settlement agreement.

Among its other provisions, the JOD awarded the parties joint legal custody of the children. Plaintiff Brandy Kissoondath was designated parent of primary residence, and defendant Sasha Kissoondath was designated parent of alternate residence. The JOD, as amended, also provided:

> [] Based upon the distance between the parties' residences of approximately one hour's drive time, [] defendant, Sasha Kissoondath, shall have parenting time on a two-week rotating schedule as follows:
>
> > Week #1: Friday at 6:00 p.m. to Monday (drop off at school).
> >
> > Week #2: Friday at 6:00 p.m. to Saturday at 2:00 p.m.
>
> . . . .
>
> [] The parties shall equally share summer school recess on an alternating one-week on/one-week off basis provided each party may take a two (2) week vacation on [sixty] days' advance written notice to the other via email.

Despite their settlement, the parties have engaged in further disputes regarding the judgment's implementation. The present appeal represents the latest chapter in what the motion judge characterized as the parties' "significant", "protracted",

"substantial", and "acrimonious" litigation, a description with which the parties readily concur.

In this appeal, defendant seeks our review of certain provisions of an April 17, 2015 post-judgment order entered by Judge Harold U. Johnson, Jr. Judge Johnson was well familiar with the parties, having presided over their divorce proceedings and several post-judgment applications. The order in question consists of nineteen pages and memorializes the judge's findings of fact and conclusions of law with respect to each of the combined twenty-six reliefs sought by the parties.

Pertinent to this appeal, the trial court denied defendant's request to obtain the children's passports to take them on a Disney cruise that would travel to different parts of the Caribbean islands. The court's decision was partly based on the acrimonious dynamic between the parties and the concern that defendant would use the trip as a pretext to abscond with the children to Trinidad, where he was born and had family, or another foreign country. A year earlier, the court denied defendant's request to take the children to Trinidad, predicated on plaintiff's concerns about available medical care in Trinidad as well as the flight risk. The judge indicated that, while he "rarely denies children an opportunity to enjoy a 'Disney experience,'" he was "regrettably"

compelled to deny defendant's application because of "the facts, circumstances[,] and history that exists here."

The court also denied defendant's request to modify the parenting time schedule for lack of a substantial change in circumstances affecting the welfare of the children. Specifically, the court denied defendant's request to add to his parenting time by picking up the children each Wednesday after school and then returning them to school on Thursday morning. The court determined that it would be unduly disruptive and burdensome for the children to commute to accommodate a weekday overnight. However, the court permitted defendant to pick up the children from school at 3:00 p.m. on Fridays with plaintiff's consent, and also permitted defendant to keep the children until 6:00 p.m. on those Saturdays when plaintiff is scheduled for parenting time but works until 6:00 p.m.

The court also denied defendant's request that he be allowed to keep the children with him when plaintiff is away overnight. Plaintiff acknowledged that she left the children with her boyfriend with whom she resides while she went away for a week on a business trip. Reiterating a prior ruling, the court determined that plaintiff had the discretion to choose who to leave the children with when required to travel for work during her parenting time. However, the court ordered that defendant be given the

option to take the children when plaintiff is required to travel for work for a period longer than five days. Defendant now appeals these three rulings.

We provide substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007))(alteration in original). While no special deference is accorded to the judge's legal conclusions, Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995), we "'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super., 39, 47 (App. Div. 2010) (quoting Cesare, supra, 154 N.J. at 412). "We reverse only to 'ensure that there is not a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'"

<u>Id.</u> at 48 (quoting <u>N.J. Div. of Youth & Family Servs. v. E.P.</u>, 196 <u>N.J.</u> 88, 104 (2008)) (alteration in original).

Generally, when courts are confronted with disputes concerning custody or parenting time, the court's primary concern is the best interests of the child. <u>See</u> <u>Sacharow v. Sacharow</u>, 177 <u>N.J.</u> 62, 80 (2003); <u>Wilke v. Culp</u>, 196 <u>N.J. Super.</u> 487, 497 (App. Div. 1984), <u>certif. denied</u>, 99 <u>N.J.</u> 243 (1985). The court must consider "what will 'protect the safety, happiness, physical, mental and moral welfare of the child.'" <u>Mastropole v. Mastropole</u>, 181 <u>N.J. Super.</u> 130, 136 (App. Div. 1981) (quoting <u>Beck v. Beck</u>, 86 <u>N.J.</u> 480, 497 (1981)) (internal quotation marks omitted). "A judgment, whether reached by consent or adjudication, embodies a best interests determination." <u>Todd v. Sheridan</u>, 268 <u>N.J. Super.</u> 387, 398 (App. Div. 1993). When a parent seeks to modify a parenting time schedule that parent "must bear the threshold burden of showing changed circumstances which would affect the welfare of the [child]." <u>Ibid.</u>

Before us, defendant argues that the trial court failed to adequately consider the best interests of the children in denying his requests to take the children outside the country on a Disney cruise, for increased parenting time, and to take the children when plaintiff is away overnight for work. Defendant further

asserts that the motion judge was mistaken in his analysis of the underlying facts and law, thus resulting in an abuse of discretion.

We have considered defendant's arguments in light of the record and the applicable legal principles and conclude they lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). When defendant filed this motion in March 2015, Judge Johnson was abundantly familiar with the parties, the arguments they had previously raised, and those they continued to advance. We affirm substantially for the reasons embodied in the judge's April 17, 2015 order, which are consistent with the law and adequately supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4837-14T1